Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN BRYNGELSON,<br><br>    Plaintiff,<br><br>v.<br><br>CRUZ AUTO SALES, an Idaho limited liability company, PAUL COTE, an individual conducting business in Idaho.<br><br>    Defendants. | Case No.: 2:15-cv-438<br><br>**COMPLAINT** |

COMES NOW the Plaintiff Kathleen Bryngelson, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and brings this action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by consumers for Defendants' violations of the Equal Credit Opportunity Act ("ECOA"), which prohibits a creditor from "den[ying]" or "revo[king]" credit or "chang[ing]" the "terms of an existing credit arrangement" without providing the consumer with a "statement of reasons for such action." 15 U.S.C. §§ 1691(d)(6), (d)(2). Additionally, Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for pendent state claims for violations of Article 9 of the UCC, equitable relief, conversion,

violations of the Idaho Consumer Protection Act, defamation, and invasion of privacy false light.

2. This Court has jurisdiction 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

4. Plaintiff Kathleen Bryngelson is a natural person residing in Kootenai County, Idaho.

5. Defendant Cruz Auto Sales is an Idaho limited liability company engaged in the business of selling automobiles in this state with its principal place of business located at 406 West Miles Ave., Hayden, ID 83835.

6. Defendant Paul Cote, on information and belief, is the owner/managing member of Cruz Auto Sales and conducts business in Idaho.

## GENERAL ALLEGATIONS

7. On August 18, 2015, Ms. Bryngelson purchased a 2008 Toyota Tundra ("the truck") from Cruz Auto Sales.

8. The Retail Installment Sales Contract ("RISC") provided for monthly payments of $658.50, beginning on September 17, 2015.

9. A separate document provided by Cruz Auto Sales stated that the contract had been assigned to Westlake Financial Services ("Westlake").

10. Approximately a week later, Mr. Cote contacted Ms. Bryngelson and claimed there was a problem with the financing and she needed to return the truck.

11. Ms. Bryngelson declined to return the vehicle, pointing out that the RISC states that Cruz Auto Sales was providing financing and then was assigning the contract to Westlake.

12. Mr. Cote began a pattern of harassment of Ms. Bryngelson including excessive phone calls and

texts, demanding that the truck be returned.

13. Mr. Cote and/or his agents began harassing the people Ms. Bryngelson had listed on her application as references.

14. On September 3, agents of Cruz Auto Sales and Mr. Cote attempted to block in Ms. Bryngelson's truck while she was driving,

15. On September 5, Defendants posted on a community Facebook page, indicating the truck was stolen and offering a $500 reward for information regarding its whereabouts.

16. On September 9, Mr. Cote sent Ms. Bryngelson a text message which stated that Westlake had declined the loan.

17. The text further falsely claimed that Ms. Bryngelson and her co-signer had no further right to the truck: "This takes you and Travis off any paperwork that allowed you to take possession. If you can get it back today there will be no legal repercussions or Sheriff involved."

18. Mr. Cote admitted to the Facebook posting in a text message to Ms. Bryngelson on September 9, stating: "You're family hates you and everyone of them wants the $500 we offered for the truck you stole."

19. On September 17, Ms. Bryngelson contacted Mr. Cote and asked if she should bring her payment which was due that day and deliver it to him at the dealership.

20. Mr. Cote refused to accept the payment, instead demanding that she pay off the truck in full.

21. The same day, Ms. Bryngelson placed a money order in the amount of $658.50 in the mail to Defendants at their business address.

### COUNT I: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

22. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

23. The Equal Credit Opportunity Act ("ECOA") prohibits a creditor from "den[ying]" or "revo[king]" credit or "chang[ing]" the "terms of an existing credit arrangement" without providing the consumer with a "statement of reasons for such action."
15 U.S.C. §§ 1691(d)(6), (d)(2).

24. Defendants violated ECOA by demanding return of the vehicle and by stating that Westlake's "denial" had the effect of removing Ms. Bryngelson from the contract.

25. Ms. Bryngelson is entitled to actual damages and potentially punitive damages under 15 U.S.C. § 1691e for Defendants' violation of ECOA.

## COUNT II: VIOLATION OF ARTICLE 9 OF UCC

26. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

27. At all times material hereto, the truck was a "consumer good" as defined by the UCC.

28. Idaho Code § 28-9-609 allows a secured party to take engage in self-help repossession after default as long as "it proceeds without breach of the peace."

29. Ms. Bryngelson was not in default at the time of the repossession, therefore Defendants had no right to repossess it.

30. Additionally, Defendants and/or their agents destroyed Ms. Bryngelson's fence gate in their efforts to gain access to the truck.

31. Destruction of property is a form of breach of the peace.

32. Plaintiff is entitled to damages of the credit service charge plus ten percent (10%) of the principal amount of the obligation under I.C. § 28-9-625 due to Defendants' violations.

## COUNT III: ACTION FOR EQUITABLE RELIEF

33. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

34. As described above, Defendants had no legal right to conduct a self-help repossession as Ms.

Bryngelson was not in default on the contract.

35. Defendants acted wrongfully by breaching the peace in order to repossess the truck.

36. I.C. § 28-9-625(a) states that "If it is established that a secured party is not proceeding in accordance with this chapter, a court may order or restrain collection, enforcement or disposition of collateral on appropriate terms and conditions."

37. Therefore, Plaintiff requests the Court grant an injunction preventing the sale of the truck.

## COUNT IV: CONVERSION OF TRUCK

38. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

39. Defendants did not have a legal right to possess the truck.

40. Defendants wrongfully gained dominion over the truck.

41. The truck was legally owned by Ms. Bryngelson at the time Defendants took it from her.

42. The truck is used for personal purposes and not for business.

43. Plaintiff suffered actual damages due to Defendants' violations.

## COUNT V: CONVERSION OF PERSONAL PROPERTY

44. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

45. When Defendants wrongfully repossessed the truck, Ms. Bryngelson had several items of significant value in it, including a laptop used for work, cash in excess of $10,000, an iPad, and titles to a dirt bike and four wheeler.

46. Defendants had no security interest in the personal property in the vehicle and no legal right to possess it.

47. The personal property belonged to Ms. Byngelson at the time Defendants obtained it.

48. Plaintiff suffered actual damages in that she no longer has the personal property, which Defendants have not allowed her to obtain despite repeated requests.

## COUNT VI: VIOLATIONS OF IDAHO CONSUMER PROTECTION ACT

49. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

50. I.C. § 48-603(18) prohibits a creditor from engaging in any unconscionable method, act or practice in the conduct of trade or commerce.

51. Defendants acted in an unconscionable manner by repossessing the truck when Ms. Bryngelson was not in default on the contract.

52. Defendants breached the peace and destroyed property in the process of repossessing the truck, which is by its very nature unconscionable.

53. Defendants refused to allow retrieval of personal property by Ms. Bryngelson.

54. Plaintiff suffered actual damages and ascertainable losses due to Defendants' violations.

## COUNT VII: DEFAMATION

55. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

56. By posting on Facebook that Ms. Bryngelson's truck was stolen, Defendants defamed her.

57. The posting on Facebook communicated information about Ms. Bryngelson to others.

58. Stating that the truck was stolen when Ms. Bryngelson was not in default is defamatory.

59. Ms. Bryngelson was damaged as a result of Defendants' communication.

## COUNT VIII: INVASION OF PRIVACY - FALSE LIGHT

60. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

61. By posting on Facebook that Ms. Bryngelson's truck was stolen, Defendants placed her in a false light in the public eye.

62. Additionally, Defendants told friends and family members the truck was stolen, which also placed Ms. Bryngelson in a false light.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   Damages in the amount of the credit service charge plus ten percent (10%) of the principal amount of the obligation under I.C. § 28-9-625

B.   Actual damages pursuant to 15 U.S.C. § 1691e,

C.   Statutory and/or actual damages pursuant to I.C. § 48-608(1),

D.   Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

E.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1691e(d) and I.C. § 48-603(5), and I.C. § 12-120(3).

F.   In the event of default judgment, for attorney fees in the amount of $3,000.00,

G.   For Court costs; and

H.   For such other and further relief as may be just and proper.

**Plaintiff requests a jury trial.**

DATED: September 22, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC